# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

Civil Action No. 10-288-HRW

PENNY LYNN BROWN,                                       PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on March 31, 2009, alleging disability beginning on January 26, 2009, due carpal tunnel syndrome and pain in her back, legs and hips (Tr. 44-45).

This application was denied initially and on reconsideration (Tr. 59-62).

On March 4, 2010 an administrative hearing was conducted by Administrative Law Judge Tommye Mangus (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 31, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 22-28).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from cervical degenerative disc disease, lumbar degenerative disc disease, bilateral hip bursitis and carpal tunnel syndrome, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24-25). In doing so, the ALJ specifically considered listings 1.02 and 14.09.

The ALJ further found that Plaintiff could not return to her past relevant work as a machine operator (Tr. 26) but determined that she has the residual functional capacity ("RFC") to perform light exertional work, with certain restrictions as set forth in the hearing decision (Tr. 25-26).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 27-28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 24, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly evaluated her credibility and (2) the hypothetical posed to the VE was flawed.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly evaluated her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services,* 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 852-853 (6th Cir. 1986).

Plaintiff testified that she has constant pain in her back and legs on a daily

5

basis (Tr. 42). She stated that prolonged sitting, walking, and lifting exacerbates her back and leg pain (Tr. 42). She testified she could sit for 20 minutes, stand for 30 minutes, and walk 80 to 100 feet before experiencing pain (Tr. 43). Plaintiff also testified that she could only lift 8 to 10 pounds (Tr. 43). Additionally, she testified that she has pain in both hips about three times a week, which is aggravated by walking or standing for a long time (Tr. 44). She also stated that her carpal tunnel causes her hands to go numb and tingle (Tr. 44-45).

The ALJ found this testimony to be "not entirely credible" (Tr. 26). The Court agrees. There is no medical evidence which supports Plaintiff's description of her symptoms. None of the three physicians who examined Plaintiff, either as a treating physician or consultative examiner, found or suggested disabling impairment.

Treatment notes from Dr. Gay Richardson document Plaintiff's ability to perform daily activities as well as relief of pain with pain medication, injections and physical therapy (Tr. 415-474). Dr. Richardson did not recommend surgery. The conservative treatment for Plaintiff's impairments undermine her allegations of disabling pain.

Record from Dr. Brett Scott reveal a normal gait, absence of spasms and only a mildly reduced range of motion in the lumbar spine (Tr. 238-242). He

6

noted, upon examination, normal strength, normal reflexes and a normal spine exam. He saw no indication for surgery and treated Plaintiff with anti-inflammatories. Again, this conservative treatment does not support Plaintiff's testimony of disabling pain.

A consultative examination by Dr. Omar Chavez in May 2009 also noted only mild to moderate reduction in ranges of motion and normal sensation and strength (Tr. 409-414).

Notably, no physician has recommended restrictions in Plaintiff's physical activity.

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. Therefore, the Court finds no error in the ALJ's devaluation of her credibility.

Plaintiff's second claim of error is that the hypothetical posed to the VE was flawed.

It is this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of*

*Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

Plaintiff appears to argue that the ALJ should have included her own description of her limitations in the hypothetical. However, as discussed *supra*, the ALJ did not find Plaintiff's testimony to be credible. Therefore, he was not required to incorporate it into his hypothetical to the VE. *See Blacha v. secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990) (the hypothetical need not reflect the claimant's unsubstantiated complaints).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 16th day of August, 2011.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge